**HANG KAI CHEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4909–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Theodore N. Cox, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Daniel J. Gibbons, Assistant United States Attorney, Newark, New Jersey, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings in accordance with this decision. The Petitioner's Motion for a Stay of Deportation is denied as moot.

Hang Kai Chen, a citizen and national of the People's Republic of China ("PRC"), petitions for review of the BIA's November 12, 2002, decision affirming the decision of an Immigration Judge ("IJ") that rejected Chen's claims for asylum and withholding of deportation under 8 U.S.C. Sections 1158(a) and 1231(b)(3). Chen alleges, among other things, that both he and his wife were sterilized because, in violation of the PRC's family planning policy, they had three children. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The IJ found that Chen was in fact sterilized but did not explicitly determine whether his sterilization was voluntary or involuntary. Nor did the IJ explicitly de-

termine whether Chen had undergone past persecution. Involuntary sterilization is past persecution, *see* 8 U.S.C. § 1101(a)(42), and is sufficient to create a presumption of a well-founded fear of future persecution, *see Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003). Therefore, we cannot meaningfully review the IJ's determination that Chen does not have a well founded fear of future persecution without an explicit finding on past persecution. We VACATE the BIA's order and REMAND to the BIA with instructions to remand to the IJ for the narrow purpose of making a finding regarding past persecution.